IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

STATESVILLE DIVISION

David Meyers,                          )
                                       )     C/A No. 5:23-cv-00079-DCC-KFM[1]
                    Plaintiff,         )
                                       )     **REPORT OF MAGISTRATE JUDGE**
        vs.                            )
                                       )
Jeffrey P. Duncan, Case Manager        )
Freeman, Joshua Sigmon, Dustin C.      )
Goins, Timothy Metcalf, RHU Secretary  )
Tucker,                                )
                                       )
                    Defendants.        )
_____)

        This matter is before the court on the plaintiff's affidavit seeking to proceed

*in forma pauperis* (doc. 4).  On September 14, 2023, the Fourth Circuit designated the

Honorable Donald C. Coggins, Jr., United States District Judge for the District of South

Carolina, to hold court in the Western District of North Carolina for all proceedings in the

instant matter (doc. 8).  During this same time, the Honorable Martin Reidinger, Chief

United States District Judge for the Western District of North Carolina, entered an order

designating the Honorable Kevin F. McDonald, United States Magistrate Judge, to hold

court and perform any and all judicial duties designated under 28 U.S.C. § 636 for all

pretrial proceedings in the instant matter (doc. 9).  As such, this magistrate judge is

authorized to review all pretrial matters in this case and submit findings and

recommendations to the district court.

## LITIGATION HISTORY & ALLEGATIONS

        The plaintiff in this action is a prolific *pro se* filer with more than 180 prior

cases filed in courts across the nation (*See* Exhibit A), whose frivolous and abusive filing

_____

        [1] The case number has been updated based upon the reassignment of this matter.
The parties are directed to update any future filings in this case accordingly.

practices have resulted in the imposition of prefiling sanctions in multiple courts. *See e.g.*, *Meyers v. Bishop, et al.*, C/A No. 22-6789, at doc. 27 (4th Cir. Jan. 4, 2023); *Meyers v. Sup. Ct. of Va., et al.*, C/A No. 2:21-cv-00477-AWA-RJK, at doc. 5 (E.D. Va. Nov. 3, 2022); *Meyers v. Roanoke U.S. Att'y*, *et al.*, C/A No. 7:19-cv-00573-NKM-JCH, at doc. 10 (W.D. Va. Sept. 6, 2019). For example, on September 9, 2019, in the United States District Court for the Western District of Virginia, the Honorable Norman K. Moon, Senior United States District Judge, entered an order enjoining the plaintiff from bringing any new non-habeas civil actions unless the filing complied with certain requirements set forth in the injunction. *See Meyers*, C/A No. 7:19-cv-00573-NKM-JCH, at doc. 10. On November 3, 2022, due to continued abusive and frivolous filing practices, prefiling review restrictions were imposed against the plaintiff by the United States District Court for the Eastern District of Virginia. *See Meyers*, C/A No. 2:21-cv-00477-AWA-RJK, at doc. 5. The Honorable Arenda L. Wright Allen, United States District Judge, ordered that the plaintiff would have to request court approval to file any civil non-habeas proceeding in which the plaintiff sought to proceed *in forma pauperis*. *Id*. Further, on January 4, 2023, the Fourth Circuit Court of Appeals entered a prefiling injunction against the plaintiff based on his history of filing frivolous and malicious actions in the Fourth Circuit Court of Appeals. *See Meyers*, C/A No. 22-6789, at doc. 27 (4th Cir. Jan. 4, 2023). To date, the prefiling restrictions have not been rescinded.

In the instant action, the plaintiff, a state prisoner currently housed at Alexander Correctional Institute ("Alexander") a facility of the North Carolina Department of Adult Correction ("NCDAC"), seeks damages and injunctive relief from the defendants (doc. 1). The plaintiff alleges violations of his Eighth Amendment rights because the defendants will not transfer him into protective custody (*id*. at 3–5). The plaintiff contends that since April 2023, every other inmate at Alexander has threatened to kill him, but the defendants continue to deny his request to be placed in protective custody (*id*.). He contends that he is in imminent danger of being injured or killed by "dangerous

psychopathic homicidal gang member[] prisoners" (*id*. at 5). For relief, the plaintiff seeks an evidentiary hearing, a court order that he be transferred to the Virginia Department of Corrections, and to have all of his case files and court documents located and returned to him (*id*.).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As noted above, the plaintiff has filed an affidavit seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915 (doc. 4). However, the plaintiff is subject to the "three-strikes" rule of the Prisoner Litigation Reform Act ("PLRA"), which provides:

> In **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Regardless of dismissal being with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140

3

S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727.

Here, the plaintiff has far more than three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g). *See Meyers v. Allen, et al.*, C/A No. 2:22-cv-00409-EWH-RJK, at doc. 7 (E.D. Va. July 11, 2023) (dismissing civil action as frivolous); *Meyers v. The Chief Judge of the U.S. Dist. Ct. Norfolk Va. Div., et al.*, C/A No. 2:22-cv-00063-AWA-RJK, at doc. 4 (E.D. Va. Nov. 3, 2022) (dismissing civil action as frivolous and malicious and entering an order of prefiling review requiring the plaintiff to seek leave from the court to file additional non-habeas actions); *Meyers v. Sup. Ct. of Va., et al.*, C/A No. 2:21-cv-00477-AWA-RJK, at doc. 5 (E.D. Va. Nov. 3, 2022) (dismissing civil action as frivolous and malicious and entering an order of prefiling review requiring the plaintiff to seek leave from the court to file additional non-habeas actions); *Meyers v. Dudley,* C/A No. 7:22-cv-00299-EKD-JCH, 2022 WL 2252968 (W.D. Va. June 22, 2022) (dismissing civil action for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)); *Meyers v. Special Needs X-Press, Inc.,* C/A No. 1:21-cv-00185-AMD-CLP, at doc. 9 (E.D.N.Y. Apr. 14, 2021) (dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and based on a lack of subject matter jurisdiction); *Meyers v. U.S.*, C/A No. 6:20-cv-01890-GKS-GJK, at doc. 4 (M.D. Fla. Oct. 22, 2020) (dismissing civil action for failure to state a claim); *Meyers v. U.S.*, C/A No. 1:19-cv-01457-CFL, 2019 WL 6622839 (Fed. Claims Dec. 5, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule and granting the defendant's motion to dismiss the plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915A(B)(i), based on a lack of subject matter jurisdiction, and failure to state a claim); *Meyers v. U.S. Marshal's Serv., et al.*, C/A No. 7:19-cv-00572-NKM-JCH, at docs. 8; 9 (W.D. Va. Nov. 1, 2019) (dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)); *Meyers v. Roanoke U.S. Att'y, et al.*, C/A No. 7:19-cv-00573-NKM-JCH, at doc. 5 (W.D. Va. Aug. 26, 2019) (dismissing

4

civil claims as frivolous and malicious and entering prefiling injunction against the plaintiff); *Meyers v. U.S.*, C/A No. 7:19-cv-00038-MFU-RSB, 2019 WL 489137 (W.D. Va. Feb. 7, 2019) (dismissing civil claims for lack of jurisdiction and pursuant to 28 U.S.C. § 1915A(b)); *Meyers v. U.S. Dist. Ct. Roanoke Div., et al.*, C/A No. 7:18-cv-00474-MFU-RSB, at docs. 2; 3 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)); *Meyers v. Northam,* C/A No. 7:18-cv-00473-MFU-RSB, 2018 WL 11513294 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)); *Meyers v. U.S. Dist. Ct. Big Stone Gap Div., et al.*, C/A No. 7:18-cv-00472-MFU-RSB, 2018 WL 11486919 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)); *Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00460-MFU-RSB, 2018 WL 9847732 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1)); *Meyers v. U.S. Dist. Ct. Roanoke Div., et al.*, C/A No. 7:18-cv-00458-MFU-RSB, at docs. 4; 5 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1)); *Meyers v. Jones, et al.*, C/A No. 7:18-cv-00414-MFU, 2018 WL 11488133 (W.D. Va. Nov. 2, 2018) (dismissing civil action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1) and warning regarding the entry of a prefiling injunction); *Meyers v. U.S. Dist. Ct., et al.*, C/A No. 2:07-cv-00363-RGD-TEM, 2007 WL 3254783 (E.D. Va. Nov. 1, 2007) (dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)).

Accordingly, the plaintiff has received at least three dismissals which count as strikes. The three-strikes rule was enacted to bar prisoners, such as the plaintiff, from pursuing certain types of federal civil litigation without prepayment of the filing fee. As such, the plaintiff is barred from proceeding in this action *in forma pauperis* unless he has plausibly alleged that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Hall v. United States of America*, 44 F.4th 218, 227–29 (4th Cir. 2022)

5

(noting that allegations of imminent harm based upon delayed or denied medical care can be dismissed when the allegations are "wholly conclusory and lack some basis in the record or complaint"). The imminent danger exception to § 1915(g)'s "three strikes" rule is to be narrowly construed and a plaintiff must allege imminent danger at the time the complaint was filed, not that the plaintiff has faced imminent danger in the past. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished per curiam opinion). Here, the plaintiff has made several allegations of imminent harm in his complaint and as part of his affidavit seeking to proceed *in forma pauperis*, including: other inmates at the jail have threatened to kill him since April 27, 2023 (doc. 1 at 3, 4, 8); he is at imminent danger of being killed (*id*. at 5); the defendants have tried to hire someone to murder him (doc. 4 at 1); and the defendants have ordered a Russian air strike to kill the plaintiff (*id*.). However, the plaintiff has not alleged or shown that any credible imminent danger existed at the time he filed this action. For example, the plaintiff's allegations that every inmate at Alexander wants to kill him, that the defendants have tried to hire someone to kill him, and that the defendants have ordered a Russian air strike to kill him (docs. 1 at 3, 4, 5, 8; 4 at 1), are clearly delusional and frivolous, and do not meet the imminent danger standard. *Neitzke v. Williams*, 490 U.S. 319 (1989) (noting that frivolousness encompasses when a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios). Indeed, as recognized by the Honorable Graham Mullen, Senior United States District Judge for the Western District of North Carolina, "[t]his and other Courts have recently dismissed Complaints filed by [the plaintiff] pursuant to § 1915(g) because he failed to plausibly allege any facts supporting application of the imminent danger exception, and finding that the [p]laintiff is delusional and under no threat of imminent danger." *Meyers v. Honeycutt, et al*., C/A No. 5:23-cv-00108-GCM, 2023 WL 5254722, at *3 (W.D.N.C. Aug. 14, 2023) (collecting cases noting that the plaintiff's imminent danger allegations were delusional and failed to credibly allege

6

an imminent danger).  Indeed, the plaintiff (in part) requests relief that this Court cannot grant in seeking transfer to the Virginia Department of Corrections (*see* doc. 1 at 5) because the decision about where to house any particular inmate is generally committed to the discretion of state officials.  *See Meachum v. Fano*, 427 U.S. 215, 228–29 (1976) (noting that "federal courts do not sit to supervise state prisons").  As such, because the plaintiff has failed to plausibly allege imminent danger, the undersigned recommends that the plaintiff's affidavit seeking to proceed *in forma pauperis* be denied.

## RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's affidavit seeking to proceed *in forma pauperis* (doc. 4) be **denied**.  Should the United States District Judge adopt this recommendation, it is recommended that the plaintiff be provided twenty-one (21) days to pay the filing fee or the case will be dismissed.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

October 5, 2023
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the last page.**

7

## EXHIBIT A

**United States District Court for the Western District of North Carolina**

*Meyers v. Sec. of Health and Hum. Servs., et al*., C/A No. 3:22-cv-00569-MR, at doc. 7 (W.D.N.C. Oct. 28, 2022) (transferring civil action to the United States District Court for the Middle District of North Carolina)

*Meyers v. Foothills Corr. Inst. Wardens, et al*., C/A No. 1:23-cv-00123-GCM, 2023 WL 3743069 (W.D.N.C. May 31, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

*Meyers v. John Does, et al*., C/A No. 5:23-cv-00064-MR, 2023 WL 4280676 (W.D.N.C. June 29, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S., et al*., C/A No. 3:23-cv-00223-MR-DCK, 2023 WL 4281733 (W.D.N.C. June 29, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Migos-Migos, et al*., C/A No. 5:23-cv-00083-FDW, 2023 WL 4534616 (W.D.N.C. July 13, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

*Meyers v. Baucom, et al.*, C/A No. 5:23-cv-00082-MR, 2023 WL 4552757 (W.D.N.C. July 14, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 5:23-cv-00086-RJC, 2023 WL 4768195 (W.D.N.C. July 26, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if he continues filing frivolous litigation)

*Meyers v. Marshall, et al*., C/A No. 5:23-cv-00080-MOC, 2023 WL 4919689 (W.D.N.C. Aug. 1, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

*Meyers v. Honeycutt, et al.*, C/A No. 5:23-cv-00108-GCM, 2023 WL 5254722 (W.D.N.C. Aug. 14, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

**United States District Court for the Eastern District of North Carolina**

*Meyers v. Boxer, et al*., C/A No. 5:21-ct-03211-FL, at doc. 15 (E.D.N.C. Feb. 28, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Ishee, et al*., C/A No. 5:21-hc-02165-BO, at doc. 16 (E.D.N.C. Mar. 10, 2022)

(transferring habeas action to the United States District Court for the Eastern District of Virginia)

*Meyers v. Captain Covington, et al.*, C/A No. 5:21-ct-03279-D, 2022 WL 1089230 (E.D.N.C. Mar. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Chief Judge, et al.*, C/A No. 5:22-ct-03011-D, 2022 WL 14812656 (E.D.N.C. Mar. 23, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 5:22-ct-03135-M, at doc. 4 (E.D.N.C. May 16, 2022) (dismissing civil action for failure to prosecute)

*Meyers v. U.S.*, C/A No. 5:22-ct-03106-D, at doc. 17 (E.D.N.C. Oct. 21, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Interstate Compact Adm'r, et al.*, C/A No. 5:23-ct-03170-FL-RJ (E.D.N.C.) (pending)

**United States District Court for the Middle District of North Carolina**

*Meyers v. Jacobs, et al.*, C/A No. 1:21-cv-00855-LCB-JEP, at doc. 16 (M.D.N.C. May 9, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Jacobs, et al.*, C/A No. 1:22-cv-00082-LCB-JEP, at doc. 6 (M.D.N.C. May 19, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Gaul, et al.*, C/A No. 1:22-cv-00119-LCB-JEP, at doc. 5 (M.D.N.C. May 19, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Hampton, et al.*, C/A No. 1:22-cv-00150-LCB-JEP, at doc. 14 (M.D.N.C. July 13, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. The Chief Judge of the U.S. Dist. Ct., et al.*, C/A No. 1:22-cv-00104-MOC-DCK, at doc. 8 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. The Chief U.S. Dist. Judge, et al.*, C/A No. 1:22-cv-00120-MOC-DCK, at doc. 11 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Chief U.S. Dist. Judge, et al.*, C/A No. 1:22-cv-00132-MOC-DCK, at doc. 13 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. U.S. Dist. Ct. for the Middle Dist. of N.C.*, *et al.*, C/A No. 1:22-cv-00266-MOC-DCK, at doc. 8 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. U.S.*, C/A No. 1:22-cv-00382-MOC-DCK, at doc. 6 (M.D.N.C. Aug. 10, 2022)(dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Scotland Corr. Inst. Wardens, et al.*, C/A No. 1:22-cv-00414-LCB-JEP, at doc. 4 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Denison, et al.*, C/A No. 1:22-cv-00456-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Scott, et al.*, C/A No. 1:22-cv-00457-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Grander, et al.*, C/A No. 1:22-cv-00509-LCB-JEP, at doc. 4 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Ishee, et al.*, C/A No. 1:22-cv-00804-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Hafeez, et al.*, C/A No. 1:22-cv-00829-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Brookins, et al.*, C/A No. 1:22-cv-00310-LCB-JEP, at doc. 7 (M.D.N.C. Dec. 9, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Locklear, et al.*, C/A No. 1:22-cv-00348-LCB-JEP, at doc. 8 (M.D.N.C. Dec. 9, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee and noting that to the extent the plaintiff alleged imminent danger of serious injury the allegations were dismissed as frivolous)

*Meyers v. U.S., et al.*, C/A No. 1:22-cv-00207-MOC-DCK, at doc. 22 (M.D.N.C. Mar. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Sec'y of Health and Hum. Servs., et al.*, C/A No. 1:22-cv-00968-LCB-JEP, 2023 WL 5312058 (M.D.N.C. Aug. 2, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee and noting that

to the extent the plaintiff alleged imminent danger of serious injury the allegations were dismissed as frivolous)

*Meyers v. McDowell, et al.*, C/A No. 1:22-cv-01030-LCB-JEP, at doc. 11 (M.D.N.C. Aug. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee and noting that to the extent the plaintiff alleged imminent danger of serious injury the allegations were dismissed as frivolous)

*Meyers v. Gernegen, et al.*, C/A No. 1:22-cv-01067-LCB-JEP, at doc. 6 (M.D.N.C. Aug. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Locklear, et al.*, C/A No. 1:22-cv-01096-LCB-JEP, at doc. 6 (M.D.N.C. Aug. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee)

*Meyers v. U.S.*, C/A No. 1:23-cv-00058-LCB-JEP, at doc. 11 (M.D.N.C. Aug. 30, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee)

*Meyers v. Gernegen, et al.*, C/A No. 1:23-cv-00273-LCB-JEP, at doc. 11 (M.D.N.C. Aug. 30, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee)

*Meyers v. Futrell, et al.*, C/A No. 1:23-cv-00359-LCB-JEP (M.D.N.C.) (pending)

*Meyers v. Scotland Corr. Inst., et al.*, C/A No. 1:23-cv-00360-LCB-JEP (M.D.N.C.) (pending)

*Meyers v. Lower, et al.*, C/A No. 1:23-cv-00203-LCB-JEP (M.D.N.C.) (pending)

*Meyers v. U.S.*, C/A No. 1:23-cv-00075-LCB-JEP (M.D.N.C.) (pending)

**United States District Court for the Eastern District of Pennsylvania**

*Meyers v. Martinez, et al.*, C/A No. 2:10-cv-01607-ER, at doc. 4 (E.D. Pa. June 18, 2010) (dismissing habeas action based on subject matter jurisdiction because the petitioner was not housed in that district as well as based on the petition being duplicative of a petition brought in the district where the petitioner was housed)

**United States District Court for the Middle District of Pennsylvania**

*Meyers v. Martinez*, C/A No. 1:10-cv-01151-JEJ-SF, 2010 WL 2746387 (M.D. Pa. July 9, 2010) (dismissing habeas action based on failure to exhaust and because claims lacked merit)

*Meyers v. Martinez*, C/A No. 1:10-cv-02445-JEJ-SF, at doc. 4 (M.D. Pa. Jan. 18, 2011) (consolidating habeas petition with Case Number 1:10-cv-01817-JEJ-SF and closing case)

*Meyers v. U.S. Dist. Ct. for the Middle Dist. of Pa., et al.*, C/A No. 1:11-cv-00173-JEJ-SF, 2011 WL 766937 (M.D. Pan. Feb. 25, 2011) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Martinez*, C/A No. 1:11-cv-00536-JEJ-SF, at doc. 5 (M.D. Pa. Apr. 19, 2011) (consolidating habeas petition with Case Number 1:10-cv-01817-JEJ-SF and closing case)

*Meyers v. Martinez*, C/A No. 1:10-cv-01817-JEJ-SF, 2011 WL 2746177 (M.D. Pa. July 12, 2011) (dismissing habeas action as moot)

*Meyers v. Tickefoose, et al.*, C/A No. 1:13-cv-01630-JEJ-AA, 2013 WL 4607449 (M.D. Pa. Aug. 29, 2013) (dismissing habeas action for lack of jurisdiction because the petitioner was not located in that district)

*Meyers v. Fisher, et al.*, C/A No. 1:13-cv-01631-JEJ-CA, 2014 WL 4626502 (M.D. Pa. Sept. 15, 2014) (granting defendants' motion to dismiss civil action based on statute of limitations)

**United States District Court for the Eastern District of Virginia**

*Meyers v. Forsythe*, C/A No. 2:06-cv-00396-RGD-TEM, at doc. 4 (E.D. Va. Sept. 25, 2006) (dismissing habeas claims as moot)

*Meyers v. Forsythe, et al.*, C/A No. 2:06-cv-00395-RGD-JEB, at doc. 5 (E.D. Va. Oct. 20, 2006) (dismissing civil action without prejudice to the plaintiff's right to refile)

*Meyers v. Johnson*, C/A No. 2:07-cv-00052-RGD-TEM, at doc. 7 (E.D. Va. Mar. 26, 2007) (dismissing habeas claims for failure to exhaust)

*Meyers v. Jones, et al.*, C/A No. 2:07-cv-00055-RGD-FBS, at doc. 7 (E.D. Va. Apr. 18, 2007) (dismissing civil action without prejudice to the plaintiff's right to refile)

*Meyers v. U.S. Dist. Ct. (Richmond Div.), et al.*, C/A. No. 2:07-cv-00436-RGD-TEM, at doc. 2 (E.D. Va. Oct. 2, 2007) (dismissing case and directing that the complaint be filed as an amended complaint in Case Number 2:07-cv-00363-RGD-TEM)

*Meyers v. U.S. Dist. Ct., et al.*, C/A No. 2:07-cv-00363-RGD-TEM, 2007 WL 3254783 (E.D. Va. Nov. 1, 2007) (dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S.*, C/A No. 2:07-cv-00543-RGD-TEM, at doc. 6 (E.D. Va. Jan. 3, 2008) (transferring civil action to the Richmond Division of the United States District Court for the Eastern District of Virginia)

*Meyers v. Hull, et al.*, C/A No. 2:07-cv-00460-RGD-TEM, at doc. 8 (E.D. Va. Feb. 11, 2008) (dismissing case without prejudice to refiling to correct filing deficiencies)

*Meyers v. Va. State Bar, et al.*, C/A No. 2:08-cv-00078-RGD-TEM, at doc. 5 (E.D. Va. Apr. 9, 2008) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Connor, et al*., C/A No. 3:08-cv-00240-JRS, at doc. 7 (E.D. Va. June 19, 2008) (dismissing civil action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure)

*Meyers v. U.S.*, C/A No. 3:08-cv-00010-JRS, 2008 WL 4265167 (E.D. Va. Sept. 12, 2008) (dismissing habeas claims without prejudice)

*Meyers v. Frazier, et al*., C/A No. 3:08-cv-00465-JRS, at doc. 4 (E.D. Va. Sept. 30, 2008) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Nationwide Mut. Ins. Co., et al*., C/A No. 3:08-cv-00466-JRS, at doc. 10 (E.D. Va. Oct. 30, 2008) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Mukasey, et al*., C/A No. 3:08-cv-00581-JRS, 2009 WL 210715 (E.D. Va. Jan. 28, 2009) (dismissing habeas claims without prejudice)

*Meyers v. U.S*., C/A No. 2:12-cv-00223-RGD-TEM, at doc. 18 (E.D. Va. Apr. 25, 2013) (transferring habeas action to the Richmond Division of the United States District Court for the Eastern District of Virginia)

*Meyers v. Newton*, C/A No. 3:13-cv-00546-JRS, at doc. 5 (E.D. Va. Nov. 4, 2013) (dismissing habeas claims as duplicative of Case Number 3:12-cv-00857-JRS)

*Meyers v. Newton*, C/A No. 3:12-cv-00857-JRS, 2014 WL 243197 (E.D. Va. Jan. 22, 2014) (dismissing habeas claims for failure to exhaust)

*Meyers v. Armistead, et al*., C/A No. 2:13-cv-00222-RGD-TEM, at doc. 18 (E.D. Va. Dec. 16, 2014) (dismissing claims based upon voluntary dismissal filed by the plaintiff)

*Meyers v. U.S.*, C/A No. 3:13-cv-00261-JRS, at doc. 25 (E.D. Va. May 12, 2015) (dismissing habeas claims for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure)

*Meyers v. Wright, et al*., C/A No. 3:16-cv-00005-REP-RCY, at doc. 12 (E.D. Va. May 18, 2016) (dismissing habeas claims for failure to pay the filing fee or submit circumstances to justify excusing payment of the filing fee)

*Meyers v. Kellett, et al*., C/A No. 2:16-cv-00722-RGD-RJK, at doc. 4 (E.D. Va. Jan. 25, 2017) (dismissing claims based upon voluntary dismissal filed by the plaintiff)

*Meyers v. U.S. Att'y Gen.*, C/A No. 2:17-cv-00161-RGD-LRL, at doc. 4 (E.D. Va. Mar. 28, 2017) (dismissing claims based upon voluntary dismissal filed by the plaintiff)

*Meyers v. Clarke*, C/A No. 2:19-cv-00234-AWA-RJK, 2020 WL 4740477 (E.D. Va. Aug. 14, 2020) (dismissing habeas claims on the merits)

*Meyers v. Clarke*, C/A No. 2:20-cv-00466-AWA-LRL, at doc. 29 (E.D. Va. Jan. 15, 2021) (dismissing habeas claims as successive)

13

*Meyers v. Perry, et al.*, C/A No. 2:21-cv-00338-AWA-DEM, at doc. 4 (E.D. Va. Aug. 6, 2021) (dismissing civil claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to keep address updated with the Court)

*Meyers v. Berryhill, et al.*, C/A No. 2:19-cv-00078-AWA-RJK, at doc. 44 (E.D. Va. Jan. 12, 2022) (dismissing civil action as duplicative of Case Number 2:17-cv-00657-AWA-RJK)

*Meyers v. Kijakazi*, C/A No. 2:17-cv-00657-AWA-RJK, 2022 WL 326097 (E.D. Va. Jan. 14, 2022) (dismissing social security claims based upon *res judicata*)

*Meyers v. Miller, et al.*, C/A No. 2:20-cv-00467-RAJ-LRL, 2022 WL 326096 (E.D. Va. Jan. 25, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Wethington, et al.*, C/A No. 2:21-cv-00008-RAJ-LRL, at doc. 12 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Spencer, et al.*, C/A No. 2:21-cv-00009-RAJ-RJK, at doc. 14 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Roundtree, et al.*, C/A No. 2:21-cv-00010-RAJ-DEM, at doc. 25 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Perry, et al.*, C/A No. 2:21-cv-00031-RAJ-DEM, at doc. 14 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00468-RAJ-LRL, at doc. 30 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Fleming*, *et al.*, C/A No. 2:20-cv-00638-RAJ-LRL, at doc. 15 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00121-AWA-RJK, at doc. 57 (E.D. Va. Jan. 28, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00045-AWA-DEM, at doc. 57 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00046-AWA-LRL, at doc. 55 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Hamilton, et al.*, C/A No. 2:20-cv-00049-AWA-LRL, at doc. 59 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Grievance Coordinator Mosley*, C/A No. 2:20-cv-00064-AWA-DEM, at doc. 73 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

14

*Meyers v. Brown, et al.*, C/A No. 2:20-cv-00070-AWA-RJK, at doc. 68 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Petersburg Cir. Ct., et al.*, C/A No. 2:20-cv-00071-AWA-DEM, at doc. 53 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S., et al.*, C/A No. 2:19-cv-00298-AWA-RJK, at doc. 39 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. The U.N.*, *et al.*, C/A No. 2:19-cv-00311-AWA-DEM, at doc. 38 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Krebs, et al.*, C/A No. 2:19-cv-00449-AWA-DEM, at doc. 44 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Krebs, et al.*, C/A No. 2:19-cv-00472-AWA-RJK, at doc. 52 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Dir. of Action All. Commonwealth of VAPREA Hotline Ctr., et al.*, C/A No. 2:20-cv-00122-AWA-DEM, at doc. 69 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Corbell, et al.*, C/A No. 2:21-cv-00355-AWA-RJK, at doc. 8 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Dir. of JPay Corp., et al.*, C/A No. 2:20-cv-00360-AWA-LRL, at doc. 32 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Gilmore, et al.*, C/A No. 2:20-cv-00444-AWA-LRL, at doc. 30 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Stoney, et al.*, C/A No. 2:20-cv-00469-AWA-DEM, at doc. 38 (E.D. Va. Feb. 18. 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Robinson, et al.*, C/A No. 2:20-cv-00523-AWA-LRL, at doc. 30 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. JPay Corp., et al.*, C/A No. 2:20-cv-00586-AWA-DEM, at doc. 22 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00588-AWA-RJK, at doc. 22 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke*, C/A No. 2:20-cv-00627-AWA-RJK, 2022 WL 676274 (E.D. Va. Mar. 7, 2022) (dismissing habeas claims without prejudice)

*Meyers v. Special Needs X-Press, Inc., et al.*, C/A No. 2:21-cv-00342-AWA-DEM, at doc. 5 (E.D. Va. May 11, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Boxer, et al.*, C/A No. 2:21-cv-00371-AWA-DEM, at doc. 11 (E.D. Va. May 11, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Ishee, et al.*, C/A No. 3:22-cv-00138-MHL-MRC, 2022 WL 1633619 (E.D. Va. May 23, 2022) (dismissing habeas claims as successive)

*Meyers v. Dye, et al.*, C/A No. 2:18-cv-00616-AWA-DEM, at doc. 43 (E.D. Va. June 9, 2022) (transferring civil action to the United States District Court for the Western District of Virginia)

*Meyers v. Dudley*, C/A No. 2:18-cv-00617-AWA-DEM, at doc. 43 (E.D. Va. June 9, 2022) (transferring mandamus action to the United States District Court for the Western District of Virginia)

*Meyers v. Clarke, et al.*, C/A No. 2:22-cv-00069-AWA-LRL, at doc. 3 (E.D. Va. Aug. 3, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:22-cv-00139-AWA-RJK, at doc. 3 (E.D. Va. Aug. 4, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Pitney, et al.*, C/A No. 2:22-cv-00141-AWA-DEM, at doc. 3 (E.D. Va. Aug. 4, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:22-cv-00242-AWA-RJK, at doc. 3 (E.D. Va. Aug. 4, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Petersburg Cir. Ct., et al.*, C/A No. 2:22-cv-00356-AWA-RJK, at doc. 3 (E.D. Va. Aug. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. The Chief Judge of the U.S. Dist. Ct. Norfolk Va. Div., et al.*, C/A No. 2:22-cv-00063-AWA-RJK, at doc. 4 (E.D. Va. Nov. 3, 2022) (dismissing civil action as frivolous and malicious and entering an order of prefiling review requiring the plaintiff to seek leave from the court to file additional non-habeas actions)

*Meyers v. Sup. Ct. of Va., et al.*, C/A No. 2:21-cv-00477-AWA-RJK, at doc. 5 (E.D. Va. Nov. 3, 2022) (dismissing civil action as frivolous and malicious and entering an order of prefiling review requiring the plaintiff to seek leave from the court to file additional non-habeas actions)

*Meyers v. Kellett, et al.*, C/A No. 2:17-cv-00102-AWA-DEM, at doc. 97 (E.D. Va. May 10, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

16

*Meyers v. Allen, et al.*, C/A No. 2:22-cv-00409-EWH-RJK, at doc. 7 (E.D. Va. July 11, 2023) (dismissing civil action as frivolous)

*Meyers v. Connor, et al.*, C/A No. 2:23-cv-00063-AWA-RJK, at doc. 5 (E.D. Va. Aug. 1, 2023) (denying leave to file action based upon prefiling injunction because the plaintiff did not comply with the prefiling injunction in filing the action)

*Meyers v. Clarke, et al.*, C/A No. 2:23-cv-00022-AWA-DEM (E.D. Va.) (pending)

*Meyers v. U.S.*, C/A No. 2:23-cv-00345-AWA-RJK (E.D. Va.) (pending)

*Meyers v. U.S.*, C/A No. 2:23-cv-00384-AWA-LRL (E.D. Va.) (pending)

*Meyers v. Postmaster Gen. of U.S. Postal Serv., et al.*, C/A No. 2:23-cv-00434-AWA-LRL (E.D. Va.) (pending)

**United States District Court for the Western District of Virginia**

*Meyers v. Young, et al.*, C/A No. 7:17-cv-00017-GEC-RSB, 2017 WL 512461 (W.D. Va. Feb. 7, 2017) (dismissing habeas action as moot)

*Meyers v. U.S. Att'y Gen., et al.*, C/A No. 7:17-cv-00075-GEC-PMS, at docs. 8; 9 (W.D. Va. Apr. 4, 2017) (dismissing mandamus action for failure to comply with an order of the court)

*Meyers v. Clarke, et al.*, C/A No. 7:17-cv-00201-GEC-PMS, at docs. 4; 5 (W.D. Va. June 1, 2017) (dismissing civil action for failure to comply with an order of the court)

*Meyers v. Clarke, et al.*, C/A No. 7:17-cv-00206-GEC-PMS, at docs. 4; 5 (W.D. Va. June 5, 2017) (dismissing civil action for failure to comply with an order of the court)

*Meyers v. U.S. Att'y Gen.*, C/A No. 7:17-cv-00167-GEC-PMS, at docs. 11; 12 (W.D. Va. June 6, 2017) (dismissing mandamus action for failure to comply with an order of the court)

*Meyers v. Dir. of the Pat. and Trademark Off.*, C/A No. 7:17-cv-00233-GEC-PMS, at docs. 3; 4 (W.D. Va. June 29, 2017) (dismissing mandamus action for failure to comply with an order of the court)

*Meyers v. Bentley, et al.*, C/A No. 7:18-cv-00051-JPJ-PMS, at doc. 23 (W.D. Va. Apr. 30, 2018) (dismissing civil action without prejudice)

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00273-JPJ-PMS, 2018 WL 3532727 (W.D. Va. July 23, 2018) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00371-JPJ-PMS, 2018 WL 3752858 (W.D. Va. Aug. 8, 2018) (dismissing civil claims as duplicative of those filed in Case Number C/A No. 7:18-cv-00029-JPJ-PMS as well as for failure to exhaust)

17

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00379-JPJ-PMS, at docs. 9; 10 (W.D. Va. Aug. 13, 2018) (dismissing civil claims as duplicative of those filed in Case Number C/A No. 7:18-cv-00029-JPJ-PMS as well as for failure to exhaust)

*Meyers v. Clarke*, C/A No. 7:18-cv-00435-JPJ-PMS, at docs. 5; 6 (W.D. Va. Sept. 7, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Jones, et al.*, C/A No. 7:18-cv-00414-MFU, 2018 WL 11488133 (W.D. Va. Nov. 2, 2018) (dismissing civil action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1) and warning regarding the entry of a prefiling injunction)

*Meyers v. U.S. Dist. Ct. Roanoke Div., et al.*, C/A No. 7:18-cv-00458-MFU-RSB, at docs. 4; 5 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00460-MFU-RSB, 2018 WL 9847732 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S. Dist. Ct. Big Stone Gap Div., et al.*, C/A No. 7:18-cv-00472-MFU-RSB, 2018 WL 11486919 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Northam,* C/A No. 7:18-cv-00473-MFU-RSB, 2018 WL 11513294 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S. Dist. Ct. Roanoke Div., et al.*, C/A No. 7:18-cv-00474-MFU-RSB, at docs. 2; 3 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S. Postal Serv., et al.*, C/A No. 7:18-cv-00029-JPJ-PMS, at docs. 96; 97 (W.D. Va. Nov. 15, 2018) (dismissing civil action as moot)

*Meyers v. Counts, et al.*, C/A No. 7:18-cv-00502-MFU, at doc. 6 (W.D. Va. Nov. 28, 2018) (consolidating civil claims with those brought in Case Number 7:18-cv-00485-MFU-PMS and closing case)

*Meyers v. Kiser, et al.*, C/A No. 7:18-cv-00556-MFU, at doc. 5 (W.D. Va. Dec. 18, 2018) (consolidating civil claims with those brought in Case Number 7:18-cv-00485-MFU-PMS and closing case)

*Meyers v. Dye, et al.*, C/A No. 7:18-cv-00557-MFU, at docs. 9; 10 (W.D. Va. Jan. 31, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 7:19-cv-00038-MFU-RSB, 2019 WL 489137 (W.D. Va. Feb. 7, 2019) (dismissing civil claims for lack of jurisdiction and pursuant to 28 U.S.C. § 1915A(b))

*Meyers v. Kiser, et al.*, C/A No. 7:18-cv-00485-MFU-PMS, 2019 WL 2185140 (W.D. Va. May 21, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00003-MFU-PMS, 2019 WL 2185139 (W.D. Va. May 21, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Sargent, et al.*, C/A No. 7:19-cv-00002-MFU-PMS, at docs. 8; 9 (W.D. Va. June 3, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Jones, et al.*, C/A No. 7:18-cv-00598-MFU-RSB, at docs. 43; 44 (W.D. Va. June 10, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Flemmings, et al.*, C/A No. 7:19-cv-00174-MFU-RSB, at docs. 4; 5 (W.D. Va. June 10, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Roanoke U.S. Att'y, et al.*, C/A No. 7:19-cv-00573-NKM-JCH, at doc. 5 (W.D. Va. Aug. 26, 2019) (dismissing civil claims as frivolous and malicious and entering prefiling injunction against the plaintiff)

*Meyers v. Baker, et al.*, C/A No. 7:19-cv-00711-NKM-JCH, at doc. 9 (W.D. Va. Oct. 30, 2019) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. U.S. Marshal's Serv., et al.*, C/A No. 7:19-cv-00572-NKM-JCH, at docs. 8; 9 (W.D. Va. Nov. 1, 2019) (dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Moon, et al.*, C/A No. 7:19-cv-00798-EKD-JCH, at doc. 4 (W.D. Va. Dec. 2, 2019) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Hall, et al.*, C/A No. 7:19-cv-00250-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00406-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00496-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00558-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

19

*Meyers v. Ely, et al.*, C/A No. 7:19-cv-00605-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke, et al.*, C/A No. 7:20-cv-00087-GEC-PMS, 2020 WL 1892309 (W.D. Va. Apr. 16, 2020) (dismissing habeas action without prejudice)

*Meyers v. Williams, et al.*, C/A No. 7:21-cv-00200-EKD-JCH, at doc. 2 (W.D. Va. Apr. 7, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Dorton, et al.*, C/A No. 7:21-cv-00224-EKD-JCH, 2021 WL 2325337 (W.D. Va. Apr. 21, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. U.S.*, C/A No. 7:21-cv-00245-EKD-JCH, 2021 WL 2327065 (W.D. Va. Apr. 29, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. U.S.*, C/A No. 7:21-cv-00276-EKD-JCH, 2021 WL 4055466 (W.D. Va. May 21, 2021) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 7:21-cv-00313-EKD-JCH, at doc. 2 (W.D. Va. May 21, 2021) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:21-cv-00314-EKD-JCH, 2021 WL 3829883 (W.D. Va. May 21, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Dudley,* C/A No. 7:22-cv-00299-EKD-JCH, 2022 WL 2252968 (W.D. Va. June 22, 2022) (dismissing civil action for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Dye, et al.*, C/A No. 7:22-cv-00298-EKD-JCH, at docs. 49; 50 (W.D. Va. Aug. 1, 2022) (dismissing civil action without prejudice for failure to comply with an order of the court)

*Meyers v. Austin, et al.*, C/A No. 7:22-cv-00739-EKD-JCH, 2023 WL 4230389 (W.D. Va. Feb. 9, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke, et al.*, C/A No. 7:23-cv-00160-MFU-PMS, 2023 WL 2815366 (W.D. Va. Apr. 6, 2023) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Rosch, et al.*, C/A No. 7:23-cv-00301-EKD-JCH, 2023 WL 3728691 (W.D. Va. May 30, 2023) (dismissing civil action for failure to comply with prefiling injunction)

**United States District Court for the Middle District of Florida**

*Meyers v. Dir. of JPay Corp.*, *et al.*, C/A No. 6:20-cv-000947-RBD-GJK, at doc. 7 (M.D. Fla. July 1, 2020) (transferring civil action to the United States District Court for the Eastern District of Virginia)

*Meyers v. U.S.*, C/A No. 6:20-cv-01890-GKS-GJK, at doc. 4 (M.D. Fla. Oct. 22, 2020) (dismissing civil action for failure to state a claim)

*Meyers v. Jpay Corp.*, *et al.*, C/A No. 6:20-cv-02098-RBD-EJK, at doc. 3 (M.D. Fla. Nov. 19, 2020) (transferring civil action to the United States District Court for the Eastern District of Virginia)

**United States District Court for the Southern District of Florida**

*Meyers v. Chief Exec. Officer of JPay Corp., et al.*, C/A No. 1:20-cv-24928-RS, 2020 WL 8676048 (S.D. Fla. Dec. 7, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule and noting improper venue)

**United States District Court for the District of Columbia**

*Meyers v. Fed. Bureau of Prisons, et al.*, C/A No. 1:10-cv-00608-UNA, at doc. 3 (D.D.C. Apr. 20, 2010) (transferring civil action to the United States District Court for the Middle District of Pennsylvania)

*Meyers v. Troiani*, C/A No. 1:19-mc-00176-UNA, at doc. 1 (D.D.C. Oct. 16, 2019) (closing miscellaneous case for failure to comply with an order of the court)

*Meyers v. U.S.*, C/A No. 1:20-cv-00624-UNA, at doc. 4 (D.D.C. Mar. 11, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

**United States District Court for the District of Maryland**

*Meyers v. U.S. Dist. Ct. Baltimore Div., et al.*, C/A No. 1:18-cv-02918-ELH, 2018 WL 4913877 (D. Md. Oct. 9, 2018) (dismissing mandamus action seeking social security benefits)

*Meyers v. Comm'r Soc. Sec. Admin*, C/A No. 1:18-cv-00129-ELH, 2018 WL 5026378 (D. Md. Oct. 17, 2018) (dismissing challenge to social security benefits decisions)

*Meyers v. Acting Comm'r Nancy Berryhill, et al.*, C/A No. 1:18-cv-03353-CCB, at doc. 7 (D. Md. Nov. 14, 2018) (dismissing with prejudice mandamus action challenging denial of social security benefits)

**United States District Court for the Western District of Missouri**

*Meyers v. U.S. Dep't of Treasury, et al.*, C/A No. 4:21-cv-00048-HFS, at doc. 4 (W.D. Mo. Jan. 27, 2021) (dismissing mandamus action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S. Dep't of Treasury, et al.*, C/A No. 4:21-cv-00130-GAF, at doc. 3 (W.D. Mo. Apr. 16, 2021) (dismissing mandamus action for failure to pay filing fee based upon three strikes rule)

**United States District Court for the District of New Jersey**

*Meyers v. Postmaster Gen. of U.S. Postal Serv., et al*., C/A No. 2:21-cv-08723-CCC-MAH, 2023 WL 5533340 (D. N.J. Aug. 28, 2023) (transferring civil action to the United States District Court for the Eastern District of Virginia)

**United States District Court for the Eastern District of New York**

*Meyers v. Special Needs X-Press, Inc.,* C/A No. 1:21-cv-00185-AMD-CLP, at doc. 9 (E.D.N.Y. Apr. 14, 2021) (dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and based on a lack of subject matter jurisdiction)

*Meyers v. Special Needs X-Press, Inc., et al*., C/A No. 1:21-cv-02600-AMD-CLP, at doc. 2 (E.D.N.Y. June 17, 2021) (transferring civil action to the United States District Court for the Eastern District of Virginia)

**United States Court of Federal Claims**

*Meyers v. U.S.*, C/A No. 1:19-cv-01457-CFL, 2019 WL 6622839 (Fed. Claims Dec. 5, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule and granting the defendant's motion to dismiss the plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915A(B)(i), lacks subject matter jurisdiction, and fails to state a claim for relief)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

United States District Court
Attention: Clerk's Office
401 West Trade Street
Charlotte, North Carolina 28202

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).